UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK, et al.,<br><br>　　　　Defendants. | Case No.: 1:22-cv-00160-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(ECF No. 11) |

　　　　Plaintiff Jose Alfredo Suarez is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's request for leave to file a motion for reconsideration of the Court's February 16, 2022 order denying his request for appointment of counsel, filed March 7, 2022. Because leave to file a motion for reconsideration is not necessary, the Court construes Plaintiff's request as an actual motion for reconsideration.

　　　　Under Federal Rule of Civil Procedure ("Rule") 60(b), the Court may provide relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment

1

that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). Further, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

Additionally, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

Herein, in the February 16, 2022, order denying Plaintiff's request for appointment of counsel, the Court found that the required exceptional circumstances required for the appointment of counsel in this case did not exist.

Plaintiff contends that the Court failed to consider that he is being denied access to legal materials and the law library to research his case. Plaintiff further contends that he has been denied access to make copies of all documents relevant to his case.

Plaintiff's motion for reconsideration must be denied. The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily. Many of these prisoners also have limited access to prison law libraries and are unable to afford counsel. These litigants also must conduct legal research and litigate their cases without the assistance of counsel. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened to determine whether it states any cognizable claims. Nonetheless, a cursory

review of the complaint reveals that Plaintiff has adequately set forth the claims upon which he seeks relief.  In addition, there are currently no pending deadlines which require Plaintiff to take any action or conduct any research in an institution's law library.  Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **March 10, 2022**

UNITED STATES MAGISTRATE JUDGE