UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br><br>        Plaintiff,<br><br>   v.<br><br>KEN CLARK, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-00160-JLT-SAB (PC)<br><br>ORDER HOLDING FINDINGS AND RECOMMENDATIONS IN ABEYANCE, GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT, AND DIRECTING CLERK OF COURT TO SEND PLAINTIFF COURTESY COPIES |

Plaintiff Jose Alfredo Suarez is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 25, 2022, the Court screened Plaintiff's complaint, and found that he stated a cognizable excessive force claim against Defendant O. Valladolid, a cognizable failure to intervene claim against Defendants B. Camargo, Gamboa, and John Doe No. 4, and a cognizable retaliation claim against Defendant Gamboa. (ECF No. 13.) Plaintiff was granted the opportunity to file an amended complaint or notify the Court of his intent to proceed on the claims found to be cognizable. (Id.) On April 11, 2022, Plaintiff filed a notice of intent to proceed on the claims found to be cognizable. (ECF No. 14.) Therefore, on April 13, 2022, the Court issued Findings and Recommendations recommending that this action proceed only on Plaintiff's failure to intervene and retaliation claims. (ECF No. 16.) The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within fourteen days. (Id. at 2.)

1

1 Plaintiff filed objections on April 22, 2022.  (ECF No. 17.)  In his objections, Plaintiff
2 contends that he filed the notice of intent to proceed on the cognizable claims "out of dress" and
3 "frustration" of the impediments imposed by prison officials.  (Id. at 2.)  Plaintiff claims that he did
4 not have sufficient access to the law library to draft an amended complaint and he has been unable to
5 get photocopies of documents submitted to the Court.  (Id. at 3.)  Plaintiff asks the Court to reconsider
6 the Findings and Recommendations and allow him to file an amended complaint.  (Id. at 5.)

7 In light of Plaintiff's objections, the Court will hold the Findings and Recommendations in
8 abeyance and grant Plaintiff thirty days to file an amended complaint.  To the extent Plaintiff seeks
9 appointment of counsel by way of his objections, Plaintiff's request is denied.  As previously stated in
10 the Court's February 16, 2022, order, the court finds that appointment of counsel for Plaintiff is
11 unwarranted at this time.  District courts lack authority to require counsel to represent
12 indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298
13 (1989). In exceptional circumstances, the Court may request an attorney to voluntarily to represent
14 such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
15 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether
16 "exceptional circumstances" exist, the Court must consider the likelihood of success on the merits as
17 well as the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal
18 issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those
19 factors, the court finds there are no exceptional circumstances in this case.  Having reviewed the
20 pleadings filed by Plaintiff in this case, the Court concludes that he remains capable of representing
21 himself.   The Court is not unsympathetic to the challenges faced by prisoners in litigating their rights,
22 but it cannot, practically speaking, appoint counsel to all prisoners who request it – even if it would
23 undoubtedly benefit their case.

24 Lastly, with regard to Plaintiff's request for free photocopies of all documents submitted for
25 filing, his request is denied.  While "prisoners have a constitutional right of access to the
26 courts," Bounds v. Smith, 430 U.S. 817, 821 (1977), there is no constitutional right to
27 receive photocopies free of charge. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1990), overruled on
28 other grounds by Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Jones v. Franzen, 697 F.2d 801,

803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."); Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (finding no violation of "appellant's constitutional rights when [prison officials] refused to provide him with free photocopies...."); Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997) ( [T]here is no First Amendment right to subsidized [legal] mail or photocopying.").

      The rule prohibiting free photocopies is the same for plaintiffs proceeding *in forma pauperis.* See In re Richard, 914 F.2d 1526, 1527 (6th Cir. 1990) (Title 28 U.S.C. section 1915 "waives only 'prepayment of fees and costs and security ...' [but] does not give the litigant a right to have documents copied and returned to him at government expense."); Hadsell v. Comm'r Internal Revenue Service, 107 F.3d 750, 752 (9th Cir. 1997); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (explaining that title 28 U.S.C. section 1915—governing proceedings in forma pauperis—does not waive the payment of fees or expenses required for an indigent's witnesses); Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976) (holding that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress," and that 28 U.S.C. section 1915 does not provide such authorization); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) (courts are not authorized "to commit federal monies for payment of necessary expenses in a civil suit brought by an indigent litigant.") While Plaintiff is not entitled to free copies of his legal filings, in the interests of moving this case forward and assisting Plaintiff in preparing an amended complaint, the Court will make a one-time exception and send a courtesy copy of his original complaint and the Court's March 25, 2022 screening order.

      Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint.  Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220;

2. The Clerk of Court shall send Plaintiff a blank section 1983 amended civil rights complaint form;

3. <u>The Clerk of Court shall also send Plaintiff a copy of the original complaint (ECF No. 1), filed on February 7, 2022, and a copy of the Court's screening order (ECF No. 13) filed on March 25, 2022;</u>

4. If Plaintiff fails to file an amended complaint, the Findings and Recommendations will be submitted to the district judge for consideration.

IT IS SO ORDERED.

Dated:   **May 9, 2022**

_____
UNITED STATES MAGISTRATE JUDGE