UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00160-JLT-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AS MODIFIED<br><br>(Doc. 16, 23) |

Plaintiff Jose Alfredo Suarez is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 25, 2022, the court screened plaintiff's complaint, and found that he stated a cognizable excessive force claim against defendant O. Valladolid, a cognizable failure to intervene claim against defendants B. Camargo, Gamboa, and John Doe No. 4, and a cognizable retaliation claim against defendant Gamboa. (Doc. 13.) Plaintiff was granted the opportunity to file an amended complaint or notify the court of his intent to proceed on the claims found to be cognizable. (*Id.*) On April 11, 2022, plaintiff filed a notice of intent to proceed on the claims found to be cognizable. (Doc. 14.) Therefore, on April 13, 2022, the court issued findings and recommendations recommending that this action proceed only on plaintiff's failure to intervene and retaliation claims. (Doc. 16.) The

1

findings and recommendations were served on plaintiff and contained notice that objections were to be filed within fourteen days. (*Id.* at 2.)

Plaintiff filed objections on April 22, 2022. (Doc. 17.) In his objections, Plaintiff contended that he filed the notice of intent to proceed on the cognizable claims "out of dress" and "frustration" of the impediments imposed by prison officials. (*Id.* at 2.) Plaintiff claimed that he did not have sufficient access to the law library to draft an amended complaint and he has been unable to get photocopies of documents submitted to the Court. (*Id.* at 3.) Plaintiff asked the court to reconsider the findings and recommendations and allow him to file an amended complaint. (*Id.* at 5.) In light of plaintiff's objections, the court held the findings and recommendations in abeyance and granted plaintiff thirty days to file an amended complaint. (Doc. 18.)

After receiving an extension of time, on June 3, 2022, plaintiff filed a notice of intent to proceed on the cognizable claims; however, plaintiff also requests that the court reconsider whether he stated a cognizable retaliation claim against defendant D. Valladolid for issuing a false rules violation report. (Doc. 23.) Based on a review of plaintiff's complaint, the court agrees with plaintiff and finds that he also states a cognizable retaliation claim against defendant D. Valladolid for issuance of a false rules violation report. (Compl. at 18-20.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Accordingly,

1. The findings and recommendations issued on April 13, 2022 (Doc. No. 16), are adopted as modified;

///
///
///
///
///
///

2. This case now proceeds on Plaintiff's excessive force claim against defendant O. Valladolid, failure to intervene claim against defendants B. Camargo, Gamboa, and John Doe No. 4, and retaliation claims against defendant Gamboa and defendant O. Valladolid;

3. All other claims are dismissed from this action with prejudice; and

4. This case is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __June 7, 2022__     
UNITED STATES DISTRICT JUDGE