# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00160-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE, AS PREMATURE<br><br>(ECF No. 51) |

Plaintiff Jose Alfredo Suarez is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed May 23, 2023. Although the time to file a response has not passed, the Court finds a response is not necessary and deems Plaintiff's motion submitted.

## II.

## LEGAL STANDRD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 48. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe

1  upon a protected privacy interest, a need may arise for the Court to balance interests in
2  determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v.
3  Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and
4  language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the
5  Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v.
6  City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based
7  right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-
8  LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's
9  entitlement to inspect discoverable information may be accommodated in ways which mitigate
10 institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL
11 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents
12 containing information which implicated the safety and security of the prison); Orr v. Hernandez,
13 No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests
14 for protective order and for redaction of information asserted to risk jeopardizing safety and
15 security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE
16 EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit
17 withheld documents for in camera review or move for a protective order).
18        However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The
19 discovery process is subject to the overriding limitation of good faith, and callous disregard of
20 discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669
21 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain
22 discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and
23 proportional to the needs of the case, considering the importance of the issues at stake in the
24 action, the amount in controversy, the parties' relative access to relevant information, the parties'
25 resources, the importance of the discovery in resolving the issues, and whether the burden or
26 expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).
27        Generally, if the responding party objects to a discovery request, the party moving to
28 compel bears the burden of demonstrating why the objections are not justified.  Grabek v.

1 Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## II.

## DISCUSSION

This action is proceeding on Plaintiff's excessive force claim against Defendant O. Valladolid, failure to intervene claim against Defendants B. Camargo, Gamboa and T. Hieng, and retaliation claim against Defendants Gamboa and O. Valladolid.

In his motion, Plaintiff seeks to compel responses to his first request for production of documents which he submits was served on Defendants on April 3, 2023.  (ECF No. 51 at 9.) Plaintiff constructively filed the instant motion to compel on May 18, 2023.  (ECF No. 51 at 3.) Pursuant to the Court's discovery and scheduling order and contrary to Plaintiff's contention, Defendants are allowed forty-five (45) days to respond to discovery requests.  (ECF No. 48 at 1.) Thus, Defendants had until May 18, 2023 (the day Plaintiff constructively filed the instant motion to compel) to serve their responses to Plaintiff's first request for production of documents.  Consequently, Plaintiff's current motion to compel is premature.  If Defendants failed to respond by May 18, 2023, or Plaintiff finds Defendants' responses improper or insufficient, Plaintiff may re-file his motion to compel.  Plaintiff is advised that any motion to

compel should include Plaintiff's written discovery requests, Defendants' responses, and an explanation of why those responses are not sufficient.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 51) is denied, without prejudice, as premature.

IT IS SO ORDERED.

Dated: __May 24, 2023__

UNITED STATES MAGISTRATE JUDGE