1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JOSE ALFREDO SUAREZ,                    No.  1:22-cv-00160-JLT-SAB (PC)

12              Plaintiff,                     ORDER REGARDING PLAINTIFF'S
                                               MOTION TO COMPEL
13         v.
                                               (ECF No. 54)
14    KEN CLARK, et al.,

15              Defendants.

16

17         Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant

18    to 42 U.S.C. § 1983.

19         Currently before the Court is Plaintiff's motion to compel, filed June 16, 2023.

20                                            **I.**

21                               **RELEVANT BACKGROUND**

22         This action is proceeding on Plaintiff's excessive force claim against Defendant O.

23    Valladolid, failure to intervene claim against Defendants B. Camargo, Gamboa and T. Hieng, and

24    retaliation claim against Defendants Gamboa and O. Valladolid.

25         Defendants filed an answer to the complaint on December 12, 2022.  (ECF No. 38.)

26         On February 15, 2023, the Court issued the discovery and scheduling order.  (ECF No.

27    48.)

28    ///

                                               1

1    On June 15, 2023, Defendants filed a motion for partial summary judgment for failure to

2  exhaust the administrative remedies.  (ECF No. 53.)  Plaintiff filed an opposition to Defendants'

3  motion on July 17, 2023, and Defendants filed a reply on July 31, 2023.  (ECF Nos. 58, 61.)

4    As previously stated, on June 16, 2023, Plaintiff filed the instant motion to compel.  (ECF

5  No. 54.)  Defendants filed an opposition to Plaintiff's motion to compel on July 5, 2023, and

6  Plaintiff filed a reply on August 7, 2023.  (ECF Nos. 55, 62.)

7                                                    **II.**

8                                         **LEGAL STANDRD**

9    Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of

10  confinement.  As a result, the parties were relieved of some of the requirements which would

11  otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to

12  involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R.

13  Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 48.  Further, where otherwise discoverable

14  information would pose a threat to the safety and security of the prison or infringe upon a

15  protected privacy interest, a need may arise for the Court to balance interests in determining

16  whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467

17  U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of

18  Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of

19  Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of

20  Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of

21  privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB

22  PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to

23  inspect discoverable information may be accommodated in ways which mitigate institutional

24  safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at

25  *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing

26  information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-

27  08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for

28  protective order and for redaction of information asserted to risk jeopardizing safety and security

1  of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P,

2  2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld

3  documents for in camera review or move for a protective order).

4       However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The

5  discovery process is subject to the overriding limitation of good faith, and callous disregard of

6  discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

7  1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery

8  regarding any nonprivileged matter that is relevant to any party's claim or defense and

9  proportional to the needs of the case, considering the importance of the issues at stake in the

10  action, the amount in controversy, the parties' relative access to relevant information, the parties'

11  resources, the importance of the discovery in resolving the issues, and whether the burden or

12  expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

13       Generally, if the responding party objects to a discovery request, the party moving to

14  compel bears the burden of demonstrating why the objections are not justified.  Grabek v.

15  Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);

16  Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765,

17  at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL

18  860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court

19  which discovery requests are the subject of the motion to compel, and, for each disputed

20  response, why the information sought is relevant and why the responding party's objections are

21  not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell,

22  2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with

23  broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to

24  leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his

25  motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012);

26  Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v.

27  Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

28  ///

1

**III.**

2

**DISCUSSION**

3      Plaintiff seeks to compel responses to Requests for Production of Documents Numbers 2,

4   3, 4, 7, 12, and 13, which were served on or about April 3, 2023.  (ECF No. 54.)

5      Defendants oppose Plaintiff's motion claiming that they either produced the documents at

6   issue, appropriately objected to irrelevant and overly broad document requests, or properly

7   invoked the official privilege with respect to the production of confidential documents.

8      Federal Rule of Civil Procedure 34 authorizes a party to serve on any other party with a

9   request to produce documents, electronically stored information, or other tangible evidence, that

10  is relevant within the definition set forth in Rule 26(b). See Fed. R. Civ. P. 34(a)(1). "For each

11  item or category, the response must either state that inspection and related activities will be

12  permitted as requested or state an objection to the request, including the reasons.... An objection

13  to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P.

14  34(b)(2)(B), (C).

15      "[A] party need not have actual possession of documents to be deemed in control of

16  them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) (quoting Estate of

17  Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991)). "A party that has a legal right to obtain

18  certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen

19  v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007)

20  (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, No.

21  1:07-cv-01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010). Under Rule 34(b),

22  the party to whom the request is directed must respond in writing that inspection and related

23  activities will be permitted as requested, or state an objection to the request, including the

24  reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive

25  documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state

26  with sufficient specificity to allow the court to determine whether the party made a reasonable

27  inquiry and exercised due diligence. Uribe v. McKesson, No. 08-cv-01285 DMS (NLS), 2010

28  WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the

4

1  responsive party claims lack of possession, control, or custody, the party must so state with

2  sufficient specificity to allow the court (1) to conclude that the responses were made after a case-

3  specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-

4  cv-001524-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

5  **A.     Motion to Compel**

6  Plaintiff seeks to compel responses to Requests for Production of Documents Numbers 2,

7  3, 4, 7, 12, and 13.

8  This action is proceeding on Plaintiff's claim that on April 20, 2020, Defendant Valladolid

9  used excessive force on him during an escort and Defendants Gamboa, Camargo and Hieng

10  observed the incident and failed to intervene.  Plaintiff also proceeds on a claim of retaliation

11  against Defendant Gamboa for threating physical harm if he reported the assault.

12  Request for Production No. 2:

13
14  Produce a copy of each Defendants, O. Valladolid; R. Gamboa; B. Camargo; T. Hieng
   prison work history background file to "any" and "all" staff misconduct (602) Grievance
   Complaints filed against them by Inmates to misbehavior from the date they started
15  working as a correctional officers in the (CDCR) until today April 3, 2023.

16  Response:

17  Objection. This request is overbroad and assumes facts that have not been admitted. The
   request is also unduly burdensome, as Defendants cannot estimate the number of inquiries
18  that may be required to an unknowable number of internal departments in order to
   compile documentation of "any" and "all" alleged misconduct over each Defendant's
19  entire career. Additionally, the request is not limited to substantiated allegations or to
   incidents that are substantially similar to the claims at issue in this lawsuit (i.e. Eighth
20  Amendment excessive force and First Amendment retaliation claims related to the alleged
   events of April 20, 2020 at COR). Given the breadth and voluminous nature of the
21  request, it appears that much of what Plaintiff seeks is an attempt to uncover
   impermissible character evidence, which is inadmissible. Fed. R. Evid. 404(a)(1)
22  (evidence of a person's bad character or character trait is not admissible to prove
   that on a particular occasion the person acted in accordance with the character or trait);
23  *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Further, the request may seek
   confidential information of non-party inmates, as well as confidential information that is
24  integral to the safety and security of the institution, staff, and inmates, and cannot be
   released to the inmates; it may also seek documents that are protected by the official
25  information privilege, privacy doctrines, and any other applicable privileges or protections
   recognized in the case law or conferred by statute. *See* Decl. of P. Williams, and privilege
26  log. Pursuant to Tit. 15 C.C.R. § 3370(b), inmates are not entitled to have access to
   another inmate's case records file. Moreover, as this case currently proceeds on an Eighth
27
28

1
2
3
4
5
6

Amendment excessive force claim and a First Amendment retaliation claim related to the alleged events of April 20, 2020 at COR, the request is not relevant to any claim or defense, not proportional to the claims, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). On these grounds, and without waiving any objections, Defendants produce a copy of the 602 grievance and the associated appeals that Plaintiff pursued against Defendant related to the present action, 602s (AGO 0001 – AGO 0020).

7

8

Ruling:

9

10

11

12

13

Plaintiff's motion to compel is granted in part.  As stated above, Defendants argue, in part, that any responsive documents are protected by the official information privilege. They claim that these documents, if disclosed, would jeopardize the safety and privacy rights of non-party inmates and correctional staff and undermine the California Department of Corrections and Rehabilitation's ability to conduct confidential investigations.

14

15

16

17

18

19

20

21

Defendants acknowledge that, in federal cases, questions of privilege are resolved pursuant to federal law. Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987). They note, however, that federal law recognizes a qualified privilege for official information. See Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975). The qualified privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken ...." Id.  Defendants have provided the declaration of P Williams, Litigation Coordinator at California State Prison-Corcoran, who asserts, in pertinent part, the following:

22

23

24

25

26

27

I have reviewed or am familiar with the documents and information that may be responsive to the discovery requests, and these documents and information cannot be disclosed to inmate Suarez. Specifically, inmate Suarez' First Set of Requests for Production of Documents Nos. 1, 2, 3, and 7 seek documents and information that are classified as confidential under Code of Regulations, Title 15, Section 3321(a)(1) and (2), and would endanger the safety of persons within the prison and jeopardize the security of the institution if disclosed. I have reviewed or am familiar with the documents and information responsive to these requests and can confirm that they seek such information.

28

CDCR's officers and employees generated, or collected and preserved, in the normal

6

1

2

3

4

5

course of business, all of these documents as confidential official information and have maintained their confidentiality. I am aware of the institution's policies concerning the release of documents reflecting investigations of complaints against staff members. Documents containing this type of information constitute "confidential documents" within the meaning of title 15, section 3321 of the California Code of Regulations, and therefore may not be provided to an inmate, parolee, or inmate or parolee's family members under the provisions of title 15, section 3450(d) of the California Code of Regulations.

6

7

8

Also, the institution has a substantial interest in withholding documents containing this type of information from disclosure to inmates or their family members. Confidential documents that reflect investigations of complaints against staff members would endanger individuals and would threaten the security of the institution if released for the reasons discussed below.

9

10

11

12

13

14

15

16

17

Such documents contain information that would reveal techniques used to investigate inmate complaints against staff, and the types of corrective measures taken as a result of such investigations. If inmates had access to this type of information, they would have the tools to sabotage staff attempts to deal with disruptive conduct and to undermine investigations into alleged misconduct. Inmates could use this information to manipulate staff or set them up for disrespect or even unwarranted discipline. Disclosure of this type of information could also substantially undermine staff's ability to control violent disturbances effectively, and with minimal force. Disclosure could also impair staff morale and authority by potentially subjecting staff to inmate ridicule. This would make it difficult to recruit qualified staff to work at California's prisons and reduce their effectiveness in controlling the inmate population. Disclosure could also reveal names of informants, and subject them to retaliation by inmates. Additionally, staff and other witnesses would be reluctant to candidly provide information if they knew this information would be disclosed, thus undermining the effectiveness of these investigations.

18

19

20

21

Investigative reports also contain confidential documents, such as photographs and video footage that was taken at the time of an alleged incident, which are also protected from disclosure because they contain footage related to other inmates and staff at COR. This type of third-party information may apply to a wide variety of situations or conduct that have no bearing on this lawsuit, and may reveal confidential information.

22

23

24

25

Additionally, complaints against staff are authored by other third party inmates who are not a party to this lawsuit and if disclosed without prior written authorization would invade the privacy rights of these other third party inmates. Such complaints may also contain protected health records of third-party patient inmates. Disclosure of such documents would also violate the California Code of Regulations, title 15, sections 3370(a)-(b).

26

(ECF No. 55-1 at 14-1.)

27

As indicated above, Defendant did not produce any documents responsive to this request.

28

Defendants have also failed to address any specific harm posed by the production of the withheld

7

1   documents. Defendants do not contend that any specific document threatens the safety and

2   security of the institution, staff or inmates based on its content. Instead, defendants simply rely on

3   the declaration of P. Williams for the proposition that disclosure of any and all withheld

4   documents would endanger the safety of staff and inmates. However, Williams's declaration does

5   not specifically address any of the documents actually withheld.  Accordingly, the Court does not

6   find merit to Defendants' argument for official privilege.

7          However, the Court finds merit in Defendants' argument that the is clearly overbroad in

8   that Plaintiff is not entitled to any and all grievances filed against Defendants.  Nonetheless,

9   Plaintiff is entitled to grievances filed against all Defendants for excessive force and retaliation

10  against Defendant Gamboa.  See, e.g., Lawrence v. City & Cty. of San Francisco, No. 14-cv-

11  0820-MEJ, 2016 WL 3254232, at *4 *N.D. Cal. June 14, 2016); Nehad v. Browder, No. 15-cv-

12  1386 WQH NLS, 2016 WL 2745411, at *2 (S.D. Cal. May 10, 2016); Henderson v. Peterson, No.

13  C 07-2838 SBA PR, 2011 WL 4412016, at *2 (N.D. Cal. Feb. 3, 2011); Zackery v. Stockton

14  Police Dep't., No. CIV S-05-2315 MCE DAD P, 2007 WL 1655634, at *2 (E.D. Cal. June 7,

15  2007); Soto v. City of Concord, 162 F.R.D. 603, 615 (N.D. Cal. 1995) ("Records of complaints

16  against defendant officers relating to their use of excessive force has been found to be relevant to

17  a plaintiff's civil rights claim.").  Accordingly, the Court will limit the discoverable documents to

18  those regarding incidents occurring no more than ten years prior to the incident in this case.  To

19  the extent Defendants believe the documents may contain confidential information, the issue can

20  be addressed by redacting such information from the grievances.

21          Request for Production No. 3:

22      Produce a copy from Defendants O. Valladolid; R. Gamboa; B. Camargo; T. Hieng to
        "any and all" consultations, Reprimands, Disciplined for "any" misbehavior against
23      Inmates while working as Correctional Officer In "any" prison or jail.

24          Response:

25
        Objection. This request is overbroad and assumes facts that have not been admitted. The
26      request is also unduly burdensome, as Defendants cannot estimate the number of inquiries
        that may be required to an unknowable number of internal departments in order to
27      compile documentation of "any" and "all" alleged misconduct over each Defendant's
        entire career. Additionally, the request is not limited to substantiated allegations or to
28

8

incidents that are substantially similar to the claims at issue in this lawsuit (i.e. Eighth Amendment excessive force and First Amendment retaliation claims related to the alleged events of April 20, 2020 at COR). Given the breadth and voluminous nature of the request, it appears that much of what Plaintiff seeks is an attempt to uncover impermissible character evidence, which is inadmissible. Fed. R. Evid. 404(a)(1) (evidence of a person's bad character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait); *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Further, the request may seek confidential information of non-party inmates, as well as confidential information that is integral to the safety and security of the institution, staff, and inmates, and cannot be released to the inmates; it may also seek documents that are protected by the official information privilege, privacy doctrines, and any other applicable privileges or protections recognized in the case law or conferred by statute. *See* Decl. of P. Williams. Pursuant to Tit. 15 C.C.R. § 3370(b), inmates are not entitled to have access to another inmate's case records file. Moreover, as this case currently proceeds on an Eighth Amendment excessive force claim and a First Amendment retaliation claim related to the alleged events of April 20, 2020 at COR, the request is not relevant to any claim or defense, not proportional to the claims, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). On these grounds, and without waiving any objections, Defendants have performed a diligent search and reasonable inquiry and the requested documents do not exist.

Ruling:

Plaintiff's motion to compel is denied.  Notwithstanding Defendants' objections,

Defendants submit that, without waiving any objections, they have performed a diligent search

and reasonable inquiry and have not discovered any documents that are responsive to Plaintiff's

request.  Absent evidence to the contrary, not present here, Plaintiff is required to accept

Defendants' representation, made under penalty of perjury, that no responsive documents exist.

Accordingly, Plaintiff's motion to compel is denied.

Request for Production No. 4:

Produce a copy from each Defendants O. Valladolid; R. Gamboa++; B. Camargo; T. Hieng to "any" and "all" civil lawsuit filed against them by Inmates to violations of their United States Constitutional Rights.

Response:

Objection. This request is overbroad, assumes facts that have not been admitted, and seeks information equally available to Plaintiff. Additionally, the request is not limited to

substantiated allegations or to incidents that are substantially similar to the claims at issue in this lawsuit (i.e. Eighth Amendment excessive force and First Amendment retaliation claims related to the alleged events of April 20, 2020 at COR). Given the breadth and voluminous nature of the request, it appears that much of what Plaintiff seeks is an attempt to uncover impermissible character evidence, which is inadmissible. Fed. R. Evid. 404(a)(1) (evidence of a person's bad character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait); *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Moreover, as this case currently proceeds on an Eighth Amendment excessive force claim and a First Amendment retaliation claim related to the alleged events of April 20, 2020 at COR, the request is not relevant to any claim or defense, not proportional to the claims, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). On these grounds, and without waiving any objections, Defendants will not produce any responsive documents.

Ruling:  For the same reasons explained as to Plaintiff's Request for Production No. 2, Plaintiff's motion to compel is granted in part.  The Court finds merit in Defendants' argument that this request is overbroad in that Plaintiff is not entitled to any and all lawsuits filed against Defendants.  However, Plaintiff is entitled to civil lawsuits previously filed against all Defendants for excessive force and retaliation against Defendant Gamboa.  See, e.g., Lawrence v. City & Cty. of San Francisco, No. 14-cv-0820-MEJ, 2016 WL 3254232, at *4 *N.D. Cal. June 14, 2016); Nehad v. Browder, No. 15-cv-1386 WQH NLS, 2016 WL 2745411, at *2 (S.D. Cal. May 10, 2016); Henderson v. Peterson, No. C 07-2838 SBA PR, 2011 WL 4412016, at *2 (N.D. Cal. Feb. 3, 2011); Zackery v. Stockton Police Dep't., No. CIV S-05-2315 MCE DAD P, 2007 WL 1655634, at *2 (E.D. Cal. June 7, 2007); Soto v. City of Concord, 162 F.R.D. 603, 615 (N.D. Cal. 1995) ("Records of complaints against defendant officers relating to their use of excessive force has been found to be relevant to a plaintiff's civil rights claim.").  Accordingly, the Court will limit the discoverable documents to those regarding incidents occurring no more than ten years prior to the incident in this case.  To the extent Defendant argue the documents may contain confidential information, the issue can be addressed by redacting such information from the documents.

1    Request for Production No. 7:

2
     Produce a complete and unedited copy of "all" Audio Tape Recordings and notes by
3    office of Internal Affairs (OIB) Correctional Lieutenant J. Aceves on May 14, 2020, May
     18 2020 and any other date to his Investigation Interviews with Defendants O. Valladolid;
4    R. Gamboa; B. Camargo; T. Hieng with correctional Officer Cerda and any other
     correctional officer or Inmate to plaintiff's Excessive force complaint (CDCR 602 log no:
5    CoR 20-02303).

6    Response:

7
     Objection. This request is overbroad and assumes facts that have not been admitted.
8    Further, the request may seek confidential information of non-party inmates, as well as
     confidential information that is integral to the safety and security of the institution, staff,
9    and inmates, and cannot be released to the inmates; it may also seek documents that are
     protected by the official information privilege, privacy doctrines, and any other applicable
10   privileges or protections recognized in the case law or conferred by statute. *See* Decl. of P.
     Williams, and privilege log. Pursuant to Tit. 15 C.C.R. § 3370(b), inmates are not entitled
11   to have access to another inmate's case records file. On these grounds, and without
     waiving any objections, Defendants will not produce any documents.
12

13   Ruling:

14        Plaintiff's motion to compel is granted.  See, e.g., Grigsby v. Munguia, No. 2:14-cv-0789

15   GEB AC P, 2016 WL 900197, at *4 (E.D. Cal. Mar. 9, 2016) (information uncovered during an

16   investigation of plaintiff's excessive force claim is discoverable), mot. for recon. granted in part,

17   2016 WL 1461614, at *1 (E.D. Cal. Apr. 14, 2016) (requiring CDCR investigative report to be

18   reviewed in camera before being provided to plaintiff); Parks v. Tait, No. 08-CV-1031-H JMA,

19   2009 WL 4730907, at *6 (E.D. Cal. Dec. 7, 2009) (investigative reports regarding plaintiff's

20   excessive force allegations are discoverable).  Defendant's argument that Plaintiff's request is

21   overbroad is unfounded as Plaintiff clearly states that he requests a complete copy of all

22   recordings and notes on May 14, 2020 and May 18, 2020 in relation to Plaintiff's inmate appeal

23   log number COR-2-02303.  To the extent Defendants seek to withhold any portions of the

24   internal investigation on the basis of the official information privilege and state law prohibiting

25   Plaintiff from personally possessing the information, the Court finds such concerns are

26   sufficiently addressed by producing the internal investigation to Court for in camera review, the

27   filing a protective order and/or redaction of the confidential information.

28

1    Request for Production No. 12:

2

3    Produce all unedited copy to Body Camara footage of Defendants O. Valladolid; R.
     Gamboa; B. Camargo; T. Hieng to "any" and "all" Incidents of Excessive force and staff
     misconduct Behavior complaints by Inmates at Corcoran State Prison.

4    Response:

5

6    Objection. This request is overbroad, vague, and assumes facts that have not been
     admitted. The request is also unduly burdensome, as Defendants cannot estimate the
7    number of inquiries that may be required to an unknowable number of internal
     departments in order to compile video documentation of "any" and "all" alleged
8    misconduct over each Defendant's entire career. Additionally, the request is not limited to
     substantiated allegations or to incidents that are substantially similar to the claims at issue
9    in this lawsuit (i.e. Eighth Amendment excessive force and First Amendment retaliation
     claims related to the alleged events of April 20, 2020 at COR). Given the breadth and
10   voluminous nature of the request, it appears that much of what Plaintiff seeks is an
     attempt to uncover impermissible character evidence, which is inadmissible. Fed. R. Evid.
11   404(a)(1) (evidence of a person's bad character or character trait is not admissible to prove
     that on a particular occasion the person acted in accordance with the character or trait);
12   *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Further, the request may seek
     confidential information of non-party inmates, as well as confidential information that is
13   integral to the safety and security of the institution, staff, and inmates, and cannot be
     released to the inmates; it may also seek documents that are protected by the official
14   information privilege, privacy doctrines, and any other applicable privileges or protections
     recognized in the case law or conferred by statute. See Decl. of P. Williams. Pursuant to
15   Tit. 15 C.C.R. § 3370(b), inmates are not entitled to have access to another inmate's case
     records file. Moreover, as this case currently proceeds on an Eighth Amendment excessive
16   force claim and a First Amendment retaliation claim related to the alleged events of April
     20, 2020 at COR, the request is not relevant to any claim or defense, not proportional to
17   the claims, and not proportional to the needs of the case, considering the importance of the
     issues at stake in the action, the amount in controversy, the parties' relative access to
18   relevant information, the parties' resources, the importance of the discovery in resolving
     the issues, and whether the burden or expense of the proposed discovery outweighs its
19   likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Further, at the time of the alleged incident
     there were no body cameras in use by Defendants. On these grounds, and without waiving
20   any objections, Defendants will not produce any documents responsive to this request.

21   Ruling:

22
     Plaintiff's motion to compel shall be denied.  Plaintiff's request is overbroad in that he
23

24   seeks information that is not relevant to this action.  In addition, Defendants have declared, under

25   penalty of perjury, that at the time of the alleged incident at issue here there were no body

26   cameras in use by any Defendant.  Thus, there is no basis to compel a further response to this

27   request and Plaintiff's motion is denied.

28
                                              12

Request for Production No. 13:

Produce "any and all" Electronically Stored Information" That are relevant to plaintiff's civil action against all Defendants o. Valladolid; R. Gamboa; B. Camargo; T. Hieng To this case.

Response:

Objection. This request is overbroad, vague, and assumes facts that have not been admitted. Further, the request may seek confidential information of non-party inmates, as well as confidential information that is integral to the safety and security of the institution, staff, and inmates, and cannot be released to the inmates; it may also seek documents that are protected by the official information privilege, privacy doctrines, and any other applicable privileges or protections recognized in the case law or conferred by statute. See Decl. of P. Williams. Pursuant to Tit. 15 C.C.R. § 3370(b), inmates are not entitled to have access to another inmate's case records file. On these grounds, and without waiving any objections, Defendants have conducted a reasonable search and diligent inquiry and the requested documents do not exist.

Ruling:

Plaintiff's motion to compel a further response is denied.  Plaintiff's request is wholly overbroad and seeks information that is not relevant to this action.  Accordingly, Plaintiff's motion to compel is denied.

**IV.**

**CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.	Plaintiff's motion to compel is granted in part and denied in part as follows:

a.	Plaintiff's motion in limine no. 2 is granted in part and within thirty (30) days from the date of service of this order, Defendants shall serve a response subject to any applicable redaction;

b.	Plaintiff's motion in limine no. 3 is denied;

c.	Plaintiff's motion in limine no. 4 is granted in part and within thirty days from the date of service of this order, Defendants shall serve a response subject to any applicable redaction;

d.	Plaintiff's motion in limine no. 7 is granted and within thirty days from the date of service of this order, Defendants shall serve a response to Plaintiff's request

1            subject to in camera review if deemed appropriate;

2        e.      Plaintiff's motion in limine no. 12 is denied; and

3        f.      Plaintiff's motion in limine no. 13 is denied.

4

5

6    IT IS SO ORDERED.

7    Dated:    **September 8, 2023**                    _____
                                                UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28