UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK, et al.,<br><br>　　　　Defendants. | No. 1:22-cv-00160-JLT-SAB (PC)<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 64) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's September 11, 2023, order, filed on September 25, 2023.

**I.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) governs the reconsideration orders of the district court. Rule 60(b) permits a district court to relieve a party from an order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show

1

the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." To succeed on a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); see also Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).

## II.
## DISCUSSION

This action is proceeding on Plaintiff's excessive force claim against Defendant O. Valladolid, failure to intervene claim against Defendants B. Camargo, Gamboa and T. Hieng, and retaliation claim against Defendants Gamboa and O. Valladolid.

On June 16, 2023, Plaintiff a motion to compel. (ECF No. 54.) Defendants filed an opposition to Plaintiff's motion to compel on July 5, 2023, and Plaintiff filed a reply on August 7, 2023. (ECF Nos. 55, 62.)

On September 11, 2023, the Court issued an order granting, in part, Plaintiff's motion to compel and directed Defendants to further responses to certain requests within thirty days. (ECF No. 63.)

Plaintiff now seeks reconsideration of the Court's September 11, 2023, order. Plaintiff argues that the Court should direct a response to his requests for production of documents 2, 4 and 7, as to his retaliation claim against Defendant Valladolid. (ECF No. 64 at 2-3.) Plaintiff also argues that the Court failed to address his request for further responses to his requests for production of documents 5, 10, and 11 which was raised in his reply to Defendants' opposition. (Id. at 4.) Although the time for filing an opposition has not yet passed, the Court finds an opposition unnecessary and deems Plaintiff's motion for reconsideration submitted for review.

The Court finds merit in Plaintiff's claim that the Court failed to order a response to his requests for production of documents 2, 4, and 7 as to the retaliation claim against Defendant Valladolid. Accordingly, Plaintiff's motion for reconsideration shall be granted and the Court will order Defendants to file a response to these requests.

However, with regard to Plaintiff's argument that the Court failed to issue a ruling on his motion to compel further responses to requests for productions 5, 10, and 11, Plaintiff raised this argument for the first time in his reply which is improper. See Graves v. Arpaio, No. 08–17601, 2010 WL 3987721, at *3 (9th Cir. Oct. 13, 2010) ("arguments raised for the first time in a reply brief are waived"); U.S. v. Romm, 455 F.3d 990, 997 (9th Cir.2006) ("arguments not raised by a party in its opening brief are deemed waived"); Association of Irritated Residents v. C & R Vanderham Dairy, 435 F. Supp 2d 1078, 1089 (E.D. Cal.2006) ( "It is inappropriate to consider arguments raised for the first time in a reply brief").

The justification for this rule is apparent here. Defendants were unaware of Plaintiff's argument for further responses to request for productions 5, 10, and 11, and their opposition brief was justifiably limited to the requests for productions referenced in Plaintiff's motion to compel. Further, given the fact that the Local Rules only explicitly recognize a motion, an opposition, and a reply with regard to proper motion practice, see Local Rule 230(b)-(d), and (l), Defendants did not have a reasonable opportunity to file a response to the arguments raised for the first time in Plaintiff's reply brief. Accordingly, Plaintiff's motion for reconsideration of the Court's September 11, 2023, order as to these requests shall be denied.

### III.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's September 11, 2023, order is granted in part as stated above; and

///

///

///

2. Within **thirty (30)** days from the date of service of this order, **Defendant Valladolid** shall serve a response to Plaintiff's requests for production numbers 2, 4, and 7, subject to any applicable redaction and/or in camera review.

IT IS SO ORDERED.

Dated: __October 2, 2023__         _____
                                    UNITED STATES MAGISTRATE JUDGE