1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE ALFREDO SUAREZ,                    No. 1:22-cv-00160-SAB (PC)

12              Plaintiff,                    ORDER DENYING PLAINTIFF'S MOTION
                                             FOR ATTENDANCE OF INCARCERATED
13         v.                                 WITNESSES

14   O. VALLADOLID, et al.,                   (ECF No. 84)

15              Defendants.

16

17         Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant

18   to 42 U.S.C. § 1983.  This case is currently set for jury trial on August 6, 2024.

19         Currently before the Court is Plaintiff's motion for the attendance of incarcerated

20   witnesses, filed April 11, 2024.  (ECF No. 84.)  Defendants filed an opposition on April 29, 2024.

21   (ECF No. 86.)

22                                           I.

23                                    LEGAL STANDARD

24         In determining whether to grant Plaintiff's motion for the attendance of his proposed

25   witnesses, factors to be taken into consideration include (1) whether the inmate's presence will

26   substantially further the resolution of the case, (2) the security risks presented by the inmate's

27   presence, and (3) the expense of transportation and security, and (4) whether the suit can be

28   stayed until the inmate is released without prejudice to the cause asserted.  Wiggins v. County of

Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

**II.**

**DISCUSSION**

A.      **Character Evidence Witnesses**

Plaintiff moves for the attendance of twelve unidentified inmate witnesses who allegedly filed serious allegations of misconduct against Defendant Valladolid (Witnesses John Does 1-11) and another unidentified inmate who alleged filed a serious allegation of misconduct against Defendant Gamboa (Witness John Doe 12).  Plaintiff also moves for the attendance of inmates Brown, Duran, Turner, and Smith who filed lawsuits against Defendant Valladolid or claimed they were assaulted by Defendant Valladolid.

Only relevant evidence (i.e. that which tends to prove or disprove a material fact in question) is admissible at the trial of an action. Fed. R. Evid. 401 & 402.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). However, this evidence may be admissible for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if '(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.' " United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir.2008) (quoting in part United States v. Romero, 282 F.3d 683, 688 (9th Cir.2002)). If evidence satisfies Rule 404(b), "the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." Id. The proponent of the

2

1  disputed evidence bears the burden of demonstrating its admissibility under the foregoing test.

2  United States v. Montgomery, 150 F.3d 983, 1001 (9th Cir.1998).

3      Plaintiff makes no showing that the evidence he intends to offer tends to prove a material

4  point or is sufficient to support a finding that Defendants committed the acts alleged by these

5  unidentified inmates. There are no inmate declarations to demonstrate that the asserted acts

6  occurred, and any testimony likely would result in a mini-trial.  Plaintiff therefore has failed to

7  meet his burden of proof pursuant to Rule 404(b).  In addition, the Additionally, the probative

8  value of such evidence is substantially outweighed by the danger of unfair prejudice to

9  Defendants, confusion of the issues, and misleading the jury. Fed. R. Evid. 403. As such, these

10  unidentified inmate witnesses testimony will not substantially further the resolution of this case as

11  any such evidence could be offered in this case for no purpose other than to show action by

12  Defendants in conformity with prior alleged bad acts which is inadmissible character evidence

13  under Rule 404.  See, e.g., Jackson v. Mendez, 735 F.App'x 316, 318 (9th Cir. 2018)

14  (unpublished) (finding exclusion of "testimony by three inmate witnesses regarding other assault

15  alleged committed" proper under Rule 404(b); Wiggins v. Alameda County, 717 F.2d 466, 468 n.

16  1 (9th Cir. 1983);[1] Fed. R. Evid. 404.  Because Plaintiff has not shown that these unidentified

17  inmate witnesses will provide admissible evidence, their presence will not substantially further

18  the resolution of the case so as to justify the risks and expenses of transporting them to testify at

19  the trial of this matter.

20      **B.      Unidentified Witness**

21      Plaintiff seeks to call John Doe No. 13 as a "possible" witness to the alleged assault on

22  Plaintiff.  (ECF No. 84 at 4:13-20.)  Plaintiff contends that he cannot identify this witness because

23  Defendants have not yet provided him with the "requested January 1, 2020 Inmate log book."

24  (Id.)

25      As an initial matter, the alleged incident in this action took place on April 20, 2020, not on

26  January 1, 2020.  In addition, Defendants submit that Plaintiff requested the 4A2R log book for

27

28
_____
[1] To the extent Defendants seek to exclude admission of other inmate grievances or prior civil lawsuits, they may do so by way of motions in limine or objection at trial.

3

April 1, 2020 to April 30, 2020, which was provided to Plaintiff on October 6, 2023. (ECF No. 5 at 25-28.) Thus, Plaintiff has not identified a specific witness with personal knowledge of the alleged incident, and his motion shall be denied.

**C.   Request for Additional Discovery**

Plaintiff contends that Defendants have failed to produce retaliation grievances against Defendant Valladolid per the Court's October 2, 2023 order (ECF No. 66). Defendants submit, under penalty of perjury, that they provided all responsive documents per the Court's October 2, 2023 order, including those in the amended order which added the retaliation claims against Defendant Valladolid.[2] (ECF No. 86 at 6:5-7.) Indeed, the documents are attached to Plaintiff's instant motion and were served on Plaintiff on October 11, 2023. (ECF No. 84, at 8-73, BATES stamped AGO 118-182.) Accordingly, there is no merit to Plaintiff's contention that Defendants have failed to produce all responsive documents as to Defendant Valladolid.

Plaintiff also contends that Defendants failed to produce all lawsuits against Defendant Gamboa by inmates for excessive force and retaliation. Defendants submit, under penalty of perjury, that Plaintiff's second set of interrogatories seeking information on prior lawsuits against Gamboa was barred by the discovery cut-off deadline set forth in the scheduling order, i.e. October 15, 2023. (ECF No. 48.) Defendants submit this interrogatory was served by Plaintiff on October 1, 2023, which set a response date of November 15, 2023-45 days thereafter (ECF No. 48) and was therefore untimely. (ECF No. 86 at 6:15-17.) As Plaintiff's discovery request was not timely served under the scheduling order, there is no merit to Plaintiff's contention that Defendants Gamboa failed to produce all lawsuits for excessive force and retaliation.[3]

///

///

---

[2] The Court notes that signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g) (1)(B) (quotation marks omitted), as are other signed filings presented to the Court, see Fed. R. Civ. P. 11(b); see also Fed. R. Civ. P. 33(c). In addition, as counsel is aware, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

[3] Again, the Court accepts Defendants' factual representation at face value pursuant to Federal Rules of Civil Procedure 11(b)(3).

**III.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for the attendance of incarcerated witnesses is DENIED.

IT IS SO ORDERED.

Dated:   **May 1, 2024**

_____
UNITED STATES MAGISTRATE JUDGE