UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br><br>    Plaintiff,<br><br>v.<br><br>O. VALLADOLID, et al.,<br><br>    Defendants. | No. 1:22-cv-00160-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>(ECF No. 98) |

    Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is currently set for jury trial on August 13, 2024, and a settlement conference is scheduled for June 18, 2024.

    Currently before the Court is Plaintiff's motion for reconsideration of the Court's May 1, 2024, order denying his motion for the attendance of incarcerated witnesses. (ECF No. 98.) Defendants filed an opposition on June 5, 2024. (ECF No. 106.)

**I.**

**LEGAL STANDARD**

    Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event

"not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); see also Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." Harvest, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

## II.

## DISCUSSION

Plaintiff seeks reconsideration of the Court's May 1, 2024 order, denying his motion for the attendance of incarcerated witnesses.  (ECF No. 94.)  Defendants oppose Plaintiff's motion arguing that Plaintiff has not shown any newly discovered evidence, that the Court committed clear error, or that there is a change in the controlling law.

**A.      Improper Character Evidence**

Plaintiff contends that he intended to obtain information from these unidentified inmates as to grievances and complaints filed against Defendants to show proof of "knowledge" and "opportunity" that officers have to assault inmates and falsify reports.  (ECF No. 98 at 3.)  However, as stated in the Court's May 1, 2024, order, "Plaintiff makes no showing that the

evidence he intends to offer tends to prove a material point or is sufficient to support a finding that Defendants committed the acts alleged by these unidentified inmates." (ECF No. 89 at 3:3-5.) Plaintiff has failed to present any newly discovered evidence, failed to demonstrate the Court committed clear error, or an intervening change in the law.  To the extent Plaintiff objects to Defendants' prior discovery responses, he has not shown any new or different facts or circumstances that were not known at the time he filed his motion for attendance of incarcerated witnesses or why these issues could not have been raised in a timely discovery motion.  Plaintiff continues to argue these witnesses should be allowed to provide inadmissible character evidence.  Accordingly, Plaintiff has failed to demonstrate that reconsideration of the Court's May 1, 2024, order is justified.

### B. Unidentified Witness John Doe No. 13

Plaintiff argues that Defendants failed to provide the inmate log book for January 1, 2020, so he could identify this inmate by name.  However, as stated in the Court's May 1, 2024, order, "the alleged incident in this action took place on April 20, 2020, not on January 1, 2020. In addition, Defendants submit that Plaintiff requested the 4A2R log book for April 1, 2020 to April 30, 2020, which was provided to Plaintiff on October 6, 2023. (ECF No. 5 at 25-28.) Thus, Plaintiff has not identified a specific witness with personal knowledge of the alleged incident, and his motion shall be denied." (ECF No. 89 at 3:25-4:3.)  Nonetheless, Defendants submit that Plaintiff's first set of production of documents did not request the January 1, 202 log book, but for the inmate roster, which was provided. (ECF No. 106, Declaration of Miersma (Miersma Decl.) ¶ 2.)  More specifically, Plaintiff's first set of requests for production of documents, No. 10, and Defendants' response is as follows:

**REQUEST FOR PRODUCTION NO. 10:**

Produce a copy of the Roster to "all" Inmates that where housed in Corcoran state prison (4A Yard housing unit 2R A Section on January 1, 2020. (possible witness)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
Objection. This request is not calculated to lead to the discovery of admissible evidence given the alleged incident date of April 20, 2020. Without waiving the foregoing objection, Defendants will produce the inmate rosters Bates stamped AGO 0023 – AGO 0025.

3

(Miersma Decl. ¶ 3.)

Plaintiff's Second Set of Requests for Production of Documents to Defendant Valladolid sought the log book for April 2020, which was also provided, as follows (Decl. of Miersma, at para. 4):

**REQUEST FOR PRODUCTION NO. 1:**

The complete copy of the 4A2R logbook for the month of April 1, 2020 to April 30, 2020.
(You may redact the names and CDCR #'s "only" of any other inmate mentioned In the 4A2R logbook.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This Request is not relevant, overly broad, and is not limited to incidents that are substantially similar to the claims at issue in this lawsuit. Further, this Request seeks confidential information of non-party inmates, as well as confidential information that is integral to the safety and security of the institution, staff, and inmates, and cannot be released to the inmates. The request also seeks documents that may be protected from discovery under privacy doctrines, and any other applicable privileges or protections recognized in the case law or conferred by statute. Without waiving the foregoing objections, Responding Party answers as follows: The requested documents will be produced with redactions as necessary.

(Miersma Decl. ¶ 5.)

Thus, it is clear that Plaintiff received the information he requested and conceded that redactions would be necessary. Plaintiff has not presented newly discovered evidence, has not demonstrated clear error, and does not claim a change in the controlling law. Accordingly, there is no reason to reconsider the Court's May 1, 2024, order.

### C. Additional Discovery Request

Plaintiff contends that not all of the grievances and civil lawsuits against Defendants Valladolid and Gamboa have been produced. Plaintiff specifically references two civil lawsuits and a potential third action. Defendants submit that Plaintiff is partially correct. Defendants produced the 602 grievances underlying the complaints in both Mills v. Clarke, Case No. 1:20-cv-00498 HBK (PC) and Lute v. Silva, Case No. 1:20-cv-01122-NODJ-COB (PC), but the actual lawsuits were not produced because the electronic search for lawsuits against Valladolid and

4

1  Gamboa did not detect them.  (Miersma Decl. ¶ 6.)

2  With regard to the Mills action, the complaint named Gamboa and Valladolid as
3  Defendants 36 and 37, respectively, out of 54 named Defendants.  (Id. ¶ 7.)  Additionally, all
4  except five Defendants (including Valladolid and Gamboa) were dismissed at the screening stage
5  prior to service of process.  (Id.)  Moreover, because Valladolid and Gamboa were listed among
6  54 other Defendants and not at the top of the list or title page of the case docket, they did not
7  show up in Defendants' electronic search of the public records.  (Id.)  Thus, there was no reason
8  for Valladolid and Gamboa to be aware of this lawsuit.  (Id.)

9  With regard to the Lute action, Defendants submit that Valladolid's name was incorrectly
10 spelled as "Valladolio" and did not show up in any of the searches of the public record. (Miersma
11 Decl. ¶ 8.)  As a result, Defendants have provided supplemental production of documents and
12 provided Plaintiff with a copy of the initial complaint from each action.  (Id. ¶ 9.)  Defendants
13 further submit that they were not able to locate the third action, Fletcher v. Achtley, but the initial
14 discovery request for civil lawsuits against Gamboa was past the discovery cutoff as stated in the
15 Court's May 1, 2024 order.  (Id. ¶ 10, ECF No. 89 at 4:19-21.)

16 Accordingly, because Defendants have provided responsive documents, and Plaintiff
17 cannot demonstrate prejudice from the late production of the two additional lawsuits as he was
18 already aware of the actions, Plaintiff's motion for reconsideration must be denied.

19 **D.      Untimely Interrogatories**

20 Plaintiff submits that the Court should exercise its discretion and allow Plaintiff's
21 untimely discovery to proceed. However, the Court denied Plaintiff's request in the May 1, 2024,
22 order (ECF No. 89 at 4:4-21) and Plaintiff does not present any newly discovered evidence, does
23 not show the Court committed clear error, and does not demonstrate a change in the controlling
24 law. Thus, there is reasons to reconsider the Court's May 1, 2024, order.

25 ///
26 ///
27 ///
28 ///

# III.

# ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on May 17, 2024, is DENIED.

IT IS SO ORDERED.

Dated: **June 10, 2024**

UNITED STATES MAGISTRATE JUDGE