UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>O. VALLADOLID, et al.,<br><br>　　　　Defendants. | No.  1:22-cv-00160-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 113) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is currently set for jury trial on August 13, 2024.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed June 24, 2024.

As Plaintiff is aware, there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Here,

Plaintiff seeks appointment of counsel because he has limited formal education and limited legal knowledge. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. Plaintiff's filings in this matter are coherent and demonstrate an understanding of his claims. Indeed, prison litigants often encounter language barriers, and "the court does not have the resources to appoint counsel for every prisoner with limited English language and reading skills who files a civil rights action." Ayobi v. Romero, 2020 WL 6820871, at *1 (E.D. Cal. Oct. 9, 2020) (internal quotations omitted). Limited English proficiency is "not an exceptional circumstance." Garces v. Degadeo, 2007 WL 1521078, at *1 (E.D. Cal. May 22, 2007). Further, the Court has "repeatedly" held incarceration's challenges on litigation do not constitute an exceptional circumstance. Wells v. Cagle, 2018 WL 1617169, at *5 (E.D. Cal. Apr. 4, 2018). If Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to counsel. Furthermore, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Contrary to Plaintiff's contention, the record supports the finding that Plaintiff had adequately litigated this case which is currently set for jury trial Accordingly, Plaintiff's fourth motion for the appointment of counsel is denied.

IT IS SO ORDERED.

Dated: **June 25, 2024**

UNITED STATES MAGISTRATE JUDGE