UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>O. VALLADOLID, et al.,<br><br>  Defendants. | No. 1:22-cv-00160-SAB (PC)<br><br>ORDER REGARDING PARTIES' MOTIONS IN LIMINE<br><br>(ECF Nos. 109, 110)<br><br>AMENDMENT OF PRETRIAL STATEMENT AS TO DEFENDANTS' WITNESS LIST<br><br>(ECF No. 103) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is currently set for jury trial on August 13, 2024, at 8:30 a.m. in Courtroom 9 (SAB).

Currently before the Court is Defendants' motions in limine, filed on June 11, 2024, and Plaintiff's motions in limine, filed on June 13, 2024. (ECF Nos. 109, 110.) Defendants filed an opposition to Plaintiff's motion on July 3, 2024. (ECF No. 121.)

**I.**

**LEGAL STANDARD**

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually

1

1  introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  "[A] motion in limine
2  is an important tool available to the trial judge to ensure the expeditious and evenhanded
3  management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d
4  436,440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes
5  before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby
6  relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence.
7  Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury.  Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

**II.**

**DISCUSSION**

A.   **Plaintiff's Motions in Limine[1]**

Plaintiff initially submits that he waives his right to a jury trial and disagrees with Defendants' disputed facts.  Plaintiff seeks to introduce evidence concerning claims that were previously dismissed in this action and written statements by inmate witnesses.  Plaintiff also seeks to exclude evidence regarding his felony conviction.[2]

1.   Trial by Jury

Although Plaintiff submits that he waives his right to a jury trial, Defendants have demanded a jury trial and the matter has been set for a trial by jury.  The essence of disputed facts is that they are disputed, and the disputed facts have been identified by the Court. (ECF No. 103.)

---

[1] In his motions in limine, Plaintiff objects to several statements raised by Defendants in their pretrial statement which is improper to raise by way of motion in limine and will not be addressed by the Court.  Thus, the Court will only address the arguments raised by Plaintiff which related to admission and/or exclusion of evidence at trial.

[2] Plaintiff again moves for the appointment of an expert to testify on his behalf. (ECF No. 110 at 9:6-11.)  However, the Court previously denied Plaintiff's request in the pretrial and there is no warrant for appointment of such an expert. (ECF No. 103.)

2

### 2. Claims Previously Dismissed

Plaintiff submits that "[e]vidence concerning any of plaintiff[']s claims dismissed are still admissible as they are part of the facts to case and can be used for impeachment.

In screening Plaintiff's complaint, the Court found that Plaintiff failed to state cognizable claims for supervisory liability claim, deliberate indifference, due process, and declaratory relief. (ECF Nos. 13, 16.) These claims were subsequently dismissed on June 8, 2022. (ECF No. 24.)

Evidence is only admissible at trial if it makes a fact that is of consequence more or less probable. Fed. R. Evid. 401, 402. Under Rule 403, relevant evidence may be excluded if it will cause prejudice, undue delay, a waste of time, or a needless presentation of cumulative evidence in the discretion of the Court. See Obrey v. Johnson, 400 F.3d 691, 698 (9th Cir. 2005).

**Ruling:** Plaintiff's motion to admit evidence of dismissed claims is denied, as Plaintiff fails to explain how evidence related to other claims is relevant. In the absence of such argument, the Court finds that any argument or evidence regarding dismissed claims would be irrelevant and only cause undue prejudice and needless delay. Preclusion of such evidence therefore warranted under Federal Rules of Evidence 401, 402, 602, & 701.

### 3. Written Statements by Inmate Witnesses

Plaintiff states that "any written statements by inmate witnesses that are relevant to the facts of the case should be admissible. However, Plaintiff has not

Furthermore, out-of-court statements are inadmissible hearsay when they are offered to prove the truth of the matter asserted. Fed. R. Evid. 801, 802. Unless hearsay is subject to a hearsay exception, it is not admissible. Fed.R.Evid. 802, 803.

Plaintiff's proposed written statements are likely inadmissible hearsay, and Plaintiff does not explain how such written statements are admissible under the Federal Rules of Evidence. Indeed, the Court denied Plaintiff's motion for the attendance of incarcerated witnesses, and found no basis for reconsideration of the issued. (See ECF Nos. 89, 98, 106, 108.)

**Ruling:** Plaintiff's request to admit written statements by inmate witnesses is denied, without prejudice. Plaintiff has not offered a valid hearsay exception, and the written statements, themselves, are subject to exclusion as hearsay. However, the Court reserves ruling on the

admission of any written statement of a witness that may testify at trial until offered at trial. Further, Plaintiff is free to question witnesses about the contents of any declaration or refresh their memory with the document, if necessary. Fed. R. Evid. 612.

4.      Correctional Lieutenant C. Morelock as Witness

Plaintiff seeks to request that that Defendants add correctional lieutenant C. Morelock to their list of witnesses. Plaintiff states that he now refuses to stipulate to any part of his central file or medical records, contradicting his earlier statement that he would stipulate to the medical records and denying Defendants' request that he stipulate to documents within his central file. (ECF No. 110 at 8:18-22; ECF No. 103 at 7:4-9.)

Despite Plaintiff listing C. Morelock as potential witness in his pretrial statement, Plaintiff has not presented any evidence that this individual is willing to testify voluntarily. Indeed, in listing this individual in the pretrial order as a potential witness on Plaintiff's behalf, the Court specifically stated that it assumed this witness agreed to appear voluntarily as no subpoenas were issued an no witness fees were tendered. (ECF No. 103 at 11 n. 3.) In addition, Plaintiff cannot attempt to compel Defendants to call lieuteuant C. Morelock as a witness, as it is Plaintiff's obligation to secure the attendance of any potential witnesses. (See ECF No. 8-9-explaining requirements for attendance of unincarcerated witnesses.)

Nonetheless, Defendants submit that they are willing to add C. Morelock as a witness as long as A. Randolph is also added as a witness. (ECF No. 121 at 3:3-4.) C. Morelock and A. Randolph were the hearing officers for Plaintiff's two RVRs, which are listed as Defendants' exhibits. (ECF No. 103 at 14:28-15:3.)

**Ruling:** Plaintiff's motion is granted. Given that Plaintiff seeks to add C. Morelock and his refusal to stipulate to any documents, both C. Morelock and A. Randolph will be added to Defendants' witness list.

**B.      Defendants' Motions in Limine**

Defendants seek to exclude: (1) unrelated grievances, staff complaints, and civil lawsuits by other inmates as improper character evidence; (2) expert witness testimony by Plaintiff; and (3) evidence that the State may pay the judgment or reimburse Defendants in the event a

4

judgment is rendered against them.  Defendants also seek to admit evidence of Plaintiff's felony conviction and the length of his sentence.

        1.       <u>Unrelated Grievances, Staff Complaints, and Civil Lawsuits by Other Inmates</u>

Defendants anticipate that Plaintiff will seek to introduce testimony, documents, or other evidence of prior grievances, staff complaints, or civil lawsuits against Defendants or other inmates for alleged acts of excessive force and retaliation by Defendants.

Evidence is relevant if it has "any tendency to make a fact more or less probably than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401.  Federal Rule of Evidence 404(b) makes evidence of other wrongs or acts inadmissible to provide "the character of a person in order to show action in conformity therewith," but may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); <u>see also</u> Fed. R. Evid. 405(b) (character evidence may be admissible if it is an essential element of the claim).

Under Rule 404(b), "the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and (4) in some cases, is similar to the offense charged." <u>United States v. Lozano</u>, 623 F.3d 1055, 1059 (9th Cir. 2010).

**Ruling:** Defendants' motion is granted in part.  Any evidence of prior incidents involving Defendants that have no connection to whether excessive force was used on April 20, 2020 and whether Defendants Valladolid and Gamboa retaliated against him because that evidence has no relevancy to whether the alleged facts here occurred.  Also, evidence of a prior incident cannot be used to show a propensity to cause harm to Plaintiff.  Such evidence is impermissible character evidence, and is not admissible to show that any Defendant acted improperly on April 20, 2020 in this case.  The Court reserves ruling on any questions or evidence, if any, that Plaintiff wishes to use to attack a witness's credibility and/or for impeachment purposes.  If Plaintiff has a proffer of evidence that any witness's testimony may be impeached through evidence or questions concerning personnel records, including information of a personal nature, as well as any information concerning any disciplinary actions or complaints filed against him, he may request a conference

to be held outside of the presence of the jury. The Court will then hear the proffer, and make a ruling on whether such evidence is proper.

2. <u>Admission of Expert Witness Testimony by Plaintiff</u>

Defendants anticipate that Plaintiff will seek to call expert witnesses Eldon Vail and Jeffrey Schwartz as identified in his Pretrial Statement and included in the Court's Pretrial Order. (ECF Nos. 85 at 15:10-11; 103 at 11.) (Decl. of Miersma at ¶ 8.) However, Plaintiff has not disclosed any experts or produced any expert reports in this case as required under Federal Rule of Civil Procedure 26(2) and this Court's Trial Scheduling Order. (Decl. of Miersma at ¶ 8; ECF No. 79 at 5.) Thus, Plaintiff should not be allowed to call any expert witnesses at trial.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

As a non-expert witness, Plaintiff is not qualified to offer any expert opinions in this case concerning any alleged physical injuries; or any alleged long term effects; any alleged mental or emotional injuries; the search of prison inmates, use of force, or prison operations. Plaintiff has no training or expertise in any of these fields.

Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge. Plaintiff also may not testify regarding his medical records.

**Ruling:** Defendants' motion is granted. Plaintiff did not designate an expert witness and is barred from providing expert testimony. In addition, Plaintiff may testify as to what he observed and experienced as a result of the incident on April 20, 2020; however, Plaintiff may not testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records, medical conditions, alleged injuries, searching of inmates, use of force, or prison operations.

///

   3. <u>Evidence that State May Pay the Judgment or Reimburse Defendants if Judgment is Rendered against them</u>

Defendants seeks to exclude Plaintiff from presenting or eliciting testimony that Defendants will be indemnified by the State if judgment is rendered against them under Rule 411 of the Federal Rules of Evidence. Defendant submits this evidence is both irrelevant and prejudicial. <u>Jamison v. A.M. Byers Co.</u>, 330 F.2d 657, 661-662 (3d Cir. 1964). The evidence is prejudicial because a jury is more inclined to find a verdict against a defendant if it believes that he is indemnified than would be the case if it were understood that the defendant alone would be required to satisfy the judgment. <u>Langley v. Turner's Express, Inc.</u>, 375 F.2d 296, 297 (4th Cir. 1967).

**Ruling:** Defendants' motion in limine is granted, as information regarding whether the State or CDCR would pay a verdict or reimburse Defendants for any compensatory damage award, if any, is not relevant to Plaintiff's claim. Fed. R. Evid. 401.

   4. <u>Plaintiff's Date of Felony Conviction and Length of Sentence</u>

Defendants argue they should be permitted to offer evidence of the Plaintiff's felony conviction and the length of his sentence. Defendants submit that Plaintiff was convicted of a felony and sentenced to life with parole for a minimum term of 28 years. (Decl. of Miersma ¶ 10.)

Federal Rule of Evidence 609 provides that a testifying witness's character for truthfulness may be attacked by evidence of a criminal conviction for a crime that is punishable by imprisonment for more than one year and for any crime proving a dishonest act or false statement. Fed. R. Evid. 609(a). The rule limits the use of convictions where it has been more than ten years since the conviction or release from confinement for it, whichever is later. Fed. R. Evid. 609(b). "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." <u>United States v. Sine</u>, 493 F.3d 1021, 1036 n. 14 (9th Cir. 2007) (quoting <u>U.S. v. Rubio</u>, 727 F.2d 786, 797 n.5 (9th Cir. 1983)). "Generally, only the prior conviction, its general nature, and punishment of felony range are fair game for testing the [witness's] credibility." <u>United States v. Osazuwa</u>, 564 F.3d 1169, 1175 (9th Cir. 2009) (quoting <u>U.S. v. Albers</u>, 93 F.3d

1469, 1480 (10th Cir. 1996)) (quoted text in both decisions referred to "defendant's credibility" specifically).

With regard to the length of conviction, "[t]here is some disagreement about whether the length of sentence is covered by Rule 609." Ioane v. Spjute, 2020 WL 2793073, at *6 (E.D. Cal. May 29, 2020). To this end, the Ninth Circuit has suggested that only statements as to existence of felony conviction itself are admissible under Rule 609. See Osazuwa, 564 F.3d at 1175 ("[O]nly the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility"). Indeed, courts in this district have generally found that the prejudicial effect of a specific sentence length outweighs any probative value, unless the sentence length bears on a relevant issue. See Scott v. Palmer, 2015 WL 13323123, at *1 (E.D. Cal. Sep. 30, 2015) ("Given that the probative value of the precise length of his sentence is low, the Court finds that the probative value is substantially outweighed by unfair prejudice and Defendants' inquiry shall be limited to establishing that Plaintiff is serving a lengthy prison sentence."); see also Venable v. Patel, 2022 WL 902835, at *1 (E.D. Cal. Mar. 28, 2022) (prohibiting defendants from introducing evidence about the "nature of the crime or the length of sentence being served"); but see Jacobs v. Alexander, 2015 WL 8010537, at *5 (E.D. Cal. Dec. 7, 2015) (permitting evidence of plaintiff's life sentence without parole because the sentence length demonstrated that the plaintiff had no incentive to tell the truth).

**Ruling:** Defendants' motion in limine is granted in part and denied in part. Defendants may introduce the fact that Plaintiff has suffered a felony conviction and that he is currently serving a sentence for that conviction, but they may not admit evidence of the date, name or nature of the crime or the precise length of his sentence as they have not explained what, if any, probative value such information has.

## III.

## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions in limine (ECF No. 110) is granted in part and denied in part as follows: (a) Plaintiff's motion in limine No. 1 is granted in part; (b) Plaintiff's

motion in limine No. 2 is denied; (c) Plaintiff's motion in limine No. 3 is denied, without prejudice; and (d) Plaintiff's motion in limine No. 4 is granted;

2. Defendants' motions in limine (ECF No. 109) is granted in part and denied in part as follows: (a) Defendant's motion in limine No. 1 is granted in part; (b) Defendants' motion in limine No. 2 is granted; (c) Defendants' motion in limine No. 3 is granted; and (d) Defendants' motion in limine No. 4 is granted in part and denied in part; and

3. Defendants' witness list is **AMENDED** to reflect the addition of witnesses C. Morelock and A. Randolph (ECF No. 103).

IT IS SO ORDERED.

Dated: __**July 17, 2024**__

UNITED STATES MAGISTRATE JUDGE