UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SUAREZ,<br><br>    Plaintiff,<br><br>v.<br><br>O. VALLADOLID, et al.,<br><br>    Defendants. | No.  1:22-cv-00160-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF FOURTH MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 122) |

    Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is currently set for jury trial on August 13, 2024.

    Currently before the Court is Plaintiff's motion for reconsideration of the denial of his fourth motion for appointment of counsel, filed July 11, 2024.

    Under Federal Rule of Civil Procedure ("Rule") 60(b), the Court may provide relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P.

60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). Further, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

Additionally, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

Here, in the June 26, 2024, order denying Plaintiff's fourth request for appointment of counsel, the Court found that the required exceptional circumstances required for the appointment of counsel in this case did not exist.  Plaintiff again submits that due to his transfer among prison facilities he does not have access to legal research or to obtain legal materials in order to file the documents in this action.  (ECF No. 122.)  However, circumstances common to most prisons, such as limited access to legal materials is not an extraordinary circumstance and the Court does not find Plaintiff's circumstance to be exceptional.  See, e.g., Houston v. NGAI, No. 2:20-cv-1051 KJM DB P, 2022 WL 753905, at *1-2 (E.D. Cal. Feb. 7, 2022) (plaintiff sought appointment of counsel due in part to an inability to access his legal materials due to COVID-19 restrictions; his "lack of access to the law library and legal materials is nothing more than circumstances common to most inmates"); Gonzalez v. Brown, No. 2:17-cv-0176-WBS-CMK-P, 2017 WL 4340008, at *1 (E.D. Cal. Sept. 29, 2017) ("Plaintiff's claims of limited access to legal materials is not an exceptional circumstance, but one all prisoners face"); Daniels v. Fox, No. 2:15-cv-1264 GEB AC P, 2016 WL 6993565, at *2 (E.D. Cal. Nov. 29, 2016) ("A prisoner's confinement in administrative segregation does not present an exceptional circumstance").

///

1   While the Court is sympathetic to Plaintiff's ability to litigate this action while
2   incarcerated, to date, the Court has issued the pretrial order, Plaintiff has filed motions in limine,
3   and the Court has issued a written order addressing the parties' motions in limine and the lack of
4   an opposition to Defendants' motions in limine or any other optional filings as set forth in the
5   pretrial order will not prejudice Plaintiff.  Further, as stated in the Court's July 22, 2024 order,
6   "on July 19, 2024, Sergeant R. Valentin, the Receiving and Release Sergeant at Pelican Bay,
7   informed me that Plaintiff's legal property has been located and will be shipped from Pelican Bay
8   at approximately noon on July 19, 2024, and arriving at Corcoran by the end of next week
9   (approximately July 26, 2024)." (ECF No. 128 at 2.)  Thus, Plaintiff will have access to his legal
10  property shortly if not already rendering his claim moot.  To the extent Plaintiff argues that the
11  undersigned is bias against him by denying his fourth motion for appointment of counsel,
12  Plaintiff's claim is unfounded.  Plaintiff has failed to demonstrate that this Court has exhibited
13  bias or prejudice towards him, and Plaintiff's disagreement with the Court's orders is not a
14  legitimate ground for seeking disqualification.  In re Focus Media, Inc., 378 F.3d 916, 930 (9th
15  Cir. 2004) (superseded by bankruptcy statute on other grounds). Accordingly, Plaintiff's motion
16  for reconsideration of the Court's June 26, 2024, order denying his fourth motion for appointment
17  of counsel is DENIED.

IT IS SO ORDERED.

Dated:  **July 23, 2024**

UNITED STATES MAGISTRATE JUDGE